IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KAYSHONE MARBURY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:13-cv-118-MEF |
| ) | (WO – Do Not Publish) |
| SL AMERICA CORPORATION and ) | |
| SL ALABAMA, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is a Stipulation of Dismissal (Doc. #7), filed by Plaintiff and Defendant SL America Corporation ("SL America"). The stipulation is construed as a motion for an order of dismissal, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.[1]

Upon consideration of the motion (Doc. #7), it is ORDERED that the motion is GRANTED, and that Plaintiff's claims against SL America are DISMISSED with prejudice, with each party to bear her or its own costs.

It is further ORDERED that defendant's Motion to Dismiss for Failure to State a claim (Doc. #6) is DENIED as moot.

DONE this the 3rd day of April, 2013.

---

[1] A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Rule 41(a)(1) does not apply. Fed. R. Civ. P. 41(a)(2). Rule 41(a)(1)(A) allows for dismissal without a court order: (i) before an opposing party serves either an answer or a motion for summary judgment; or (ii) if the joint stipulation of dismissal is signed by all of the parties who have appeared. Defendant SL Alabama, LLC had already filed an answer in this case, but it did not sign the stipulation of dismissal. *See Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977) ("Unless *a* defendant has filed an answer or summary judgment motion, the governing provision is rule 41(a)(1).") (emphasis added). Dismissal, thus, must be by motion. Fed. R. Civ. P. 41(a)(2).

/s/  Mark E. Fuller
UNITED STATES DISTRICT JUDGE